NO. 20-2632

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
*Appellee*

v.

MARK ERIC ICKER,
*Appellant*

On Appeal from the judgment entered in the United
States District Court for the Middle District of Pennsylvania,
On July 24, 2020, at 3:19-CR-00338 (Mannion, J.)

# BRIEF OF APPELLANT

HEIDI R. FREESE, ESQ.  
Federal Public Defender  
Middle District of Pennsylvania  

FREDERICK W. ULRICH, ESQ.  
Asst. Federal Public Defender  
TAMMY L. TAYLOR, ESQ.  
Staff Attorney  

100 Chestnut Street, Suite 306  
Harrisburg, PA 17101  
717-782-2237  
*Attorneys for Appellant,*  
*Mark Eric Icker*

# Table of Contents

Table of Authorities ................................................................................................1
SUBJECT MATTER AND APPELLATE JURISDICTION ....................................1
    A.    Subject Matter Jurisdiction................................................................1
    B.    Appellate Jurisdiction........................................................................1
    C.    Appellate Waiver...............................................................................1
ISSUE........................................................................................................................3
    A.    Issue ..................................................................................................3
        1. If a defendant must register under SORNA, the supervised release statute obligates a district court to include registration as a condition of that release. Appellant was not convicted of "sex offense" as defined under SORNA. Did the district court thus err in requiring him to register as a condition of supervised release?...3
    B.    Designation of where the issue was raised and ruled on.......................3
RELATED CASES AND PROCEEDINGS.............................................................4
CONCISE STATEMENT OF THE CASE ..............................................................5
    a.    Relevant facts ...................................................................................5
    b.    Procedural history............................................................................6
    c.    Sentencing and the SORNA registration ruling ..................................7
STANDARD OF REVIEW ......................................................................................8
SUMMARY OF ARGUMENT ................................................................................8
ARGUMENT ............................................................................................................9
    1.    Because Mr. Icker was not convicted of "sex offense," he need not register under SORNA as a sex offender. .............................................9
    2.    The district court's imposition of a SORNA registration requirement as part of Mr. Icker's supervised release constituted plain error ........11
CONCLUSION.......................................................................................................13

Certification of Bar Membership, Identical Text,
Virus Check, and Word Count

Certificate of Service

# Table of Authorities

**Cases**

*Commonwealth v. Icker*,
  No. CP-35-CR-1354-2019 (Lackawanna Co.)...................................................4
*Commonwealth v. Icker*,
  Nos. CP-40-CR-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, CP-40-CR-823-2019, CP-40-MD-1731-2018
  (Luzerne Co.)......................................................................................................4
*Nichols v. United States*,
  136 S. Ct. 1113 (2016)......................................................................................11
*Smith v. Doe*,
  538 U.S. 84 (2003) ..............................................................................................2
*Taylor v. United States*,
  495 U.S. 575 (1990) ..........................................................................................10
*United States v. Berry*,
  814 F.3d 192 (4th Cir. 2016) .............................................................................10
*United States v. Brown*,
  740 F.3d 145 (3d Cir. 2014) ................................................................................9
*United States v. Dodge*,
  597 F.3d 1347 (11th Cir. 2010).........................................................................10
*United States v. Figueroa*,
  729 F.3d 267 (3d Cir. 2013) ..............................................................................10
*United States v. James*,
  928 F.3d 247 (3d Cir. 2019) ................................................................................1
*United States v. Leach*,
  639 F.3d 769 (7th Cir. 2011) .............................................................................11
*United States v. Maurer*,
  639 F.3d 72 (3d Cir. 2011) ..................................................................................8
*United States v. Morris*,
  391 F. App'x 149 (3d Cir. 2010).........................................................................8
*United States v. Olano*,
  507 U.S. 725 (1993) ..........................................................................................11
*United States v. Williams*,
  974 F.3d 320 (3d Cir. 2020) ..............................................................................11

**Statutes**

18 U.S.C. § 242......................................................................................................5
18 U.S.C. § 3231....................................................................................................1
18 U.S.C. § 3742(a) ...............................................................................................1

28 U.S.C. § 1291 ...................................................................................................1
34 U.S.C. §§ 20911-20932 ............................................................................ 2, 9, 10
42 Pa. C.S. § 9795.15(g) (6-9) .............................................................................12
42 Pa. C.S. § 9795.15(g)(1-5) ..............................................................................12
42 Pa. C.S. § 9799.15(a)(3) ..................................................................................12
42 Pa. C.S. § 9799.15(e)(3) ..................................................................................11

## Other Authorities

J.J. Prescott, *Portmanteau Ascendant: Post-Release Regulations and Sex Offender Recidivism*, 48 Conn. L. Rev. 1035 (2016) .......................................................12
SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS – CRIMINAL ch. 17-2 (Nov. 2019) ................................................................................................................10

# SUBJECT MATTER AND APPELLATE JURISDICTION

## A.  Subject Matter Jurisdiction

The District Court had subject matter jurisdiction under Section 3231 of Title 18 of the United States Code, 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.").

## B.  Appellate Jurisdiction

This appeal was filed under Appellate Procedural Rule 3(a), within fourteen days of the order entering judgment in a criminal case.  *See* (App. 1).  Thus, this Court has appellate jurisdiction under Section 1291 of Title 28 of the United States Code, 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."), and Section 3742 of Title 18 of the United States Code, 18 U.S.C. § 3742(a) ("A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence - (1) was imposed in violation of law . . .").

## C.  Appellate Waiver

Although there is an appeal waiver here, the Appellant does not believe it affects this Court's jurisdiction.  First, an appeal waiver does not deprive an appellate court of subject matter jurisdiction.  *See United States v. James*, 928 F.3d 247, 252 (3d Cir. 2019).  If the waiver is valid, however, an appellate court may

1

decline to exercise jurisdiction. *See id*. Here, however, the waiver precludes Appellant from challenging his conviction or sentence, including all possible grounds in which the sentence was determined. *See* Appx46. But the issue raised by Appellant is directed at a *civil* collateral consequence—the requirement that he register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20911-20932. *See Smith v. Doe*, 538 U.S. 84, 95-96 (2003) (characterizing sex offender registration as a civil regulatory scheme). Thus, this issue falls outside the conviction and sentence appeal waiver.

# ISSUE

**A.**　**Issue**

    1.　If a defendant must register under SORNA, the supervised release statute obligates a district court to include registration as a condition of that release. Appellant was not convicted of "sex offense" as defined under SORNA. Did the district court thus err in requiring him to register as a condition of supervised release?

**B.**　**Designation of where the issue was raised and ruled on**

At sentencing, the district court ordered Appellant to comply with SORNA.

*See* Appx67. Counsel did not object, so there was no ruling.

## RELATED CASES AND PROCEEDINGS

There were related state-court prosecutions in Lackawanna and Luzerne Counties of Mr. Icker, but those cases were dismissed following the federal sentencing. *See* (Presentence Investigative Report at ¶¶ 112-16) ("PSR"); *see also Commonwealth v. Icker*, No. CP-35-CR-1354-2019 (Lackawanna Co), *Commonwealth v. Icker*, Nos. CP-40-CR-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, CP-40-CR-823-2019, CP-40-MD-1731-2018 (Luzerne Co.). Counsel is unaware of any other case or proceeding that is in any way related, completed, pending before this Court or any other court or agency, state or federal.

# CONCISE STATEMENT OF THE CASE

Appellant, Mark Eric Icker, pleaded guilty to depriving individuals of their civil rights under color of law. 18 U.S.C. § 242. Yet at sentencing and as a condition of his supervised release term, the district court ordered him to register as a sex offender under SORNA. Appx67. This appeal challenges that condition.

### a.    Relevant facts

In 2018, Mr. Icker worked as a part-time police office for three boroughs in Lackawanna and Luzerne Counties, Pennsylvania. *See* Appx57. In that capacity, he pulled over two women, SR and RV. In both instances, Mr. Icker alleged motor vehicle violations, removed them from their cars, and handcuffed them. *See id*. Then during a search of their cars, he claimed to find something incriminating, like a pill bottle or a marijuana blunt. *See id*.

Both women had involvement with the criminal justice system. For example, RV had been released on bail for a misdemeanor theft charge. *See* Appx58. And SR was in a diversionary program for a theft change. *See id*. Using this information, Mr. Icker emphasized the problems the stop could cause them. Appx57-58. Following up, he asked each woman how she could help him to help her. *See* Appx58. Ultimately, each woman understood that Mr. Icker was requesting oral sex.

With that understanding, Mr. Icker took their keys, moved their cars, and while they were handcuffed, transported them from the scene. *See id.* In SR's case, Mr. Icker at first took her to a park, but on finding it closed, he went to the police station. And there he had SR perform oral sex on him. *See id.* For RV, Mr. Icker did the same, but when she declined to engage in sex at the station, he took her to a park. *See id.* RV and SR told friends and family about their encounter with Mr. Icker and later they were interviewed by law enforcement.

### b.   Procedural history

From November 2018 through April 2019, state authorities brought charges against Mr. Icker for official oppression, sexual assault, and related offenses. *See* (PSR at ¶¶ 112-116). Then in November 2019, as part of a plea agreement, the government filed a two-count information, charging Mr. Icker under 18 U.S.C. § 242 with depriving RV and SR of their civil right to bodily integrity. *See* Appx14-17.

The plea agreement also included several Sentencing Guideline recommendations. First, that the base offense level was a 30 because of the commission of a sexual offense. Appx27. Second, that Mr. Icker committed the offense under color of law, adding six levels. *Id.* Third, the parties recommended a 144-month term of imprisonment. *Id.* And fourth, that there were three other victims, AN, AR, and SE, and that those cases constituted relevant conduct under

the Sentencing Guidelines. *See* Appx27-28. Finally, although the plea agreement included several special conditions of supervised release, it did not mention SORNA registration. *See* Appx29-31.

Shortly thereafter, Mr. Icker pleaded guilty. Appx52-61. During the plea hearing, the government outlined, among other things, the plea agreement, including the special conditions of supervised release. Again, there was no mention of SORNA registration. Appx56.

The probation office prepared a presentence report. In the report, probation listed several mandatory conditions of supervised release, including registration under SORNA. *See* (PSR at ¶ 148). Counsel did not object to the presentence report, however. Appx62.

### c. Sentencing and the SORNA registration ruling

At sentencing, the victims testified, requesting a maximum sentence and registration under SORNA. *See* Appx64. The government and counsel for Mr. Icker requested the 144-month term recommended in the plea agreement. *See* Appx63, 65. The district court rejected the recommended sentence, imposing a 180-month term. *See* Appx66-67. And the court directed that Mr. Icker comply with the sex offender registration requirements under SORNA. Appx67.

## STANDARD OF REVIEW

This Court reviews a district court's imposition of a supervised release condition for abuse of discretion. *See United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011). But where counsel made no objection to the SORNA registration condition, review is under a plain error standard. *Id.*; *see also United States v. Morris*, 391 F. App'x 149, 151 (3d Cir. 2010) (addressing a failure to object to registration under SORNA).

## SUMMARY OF ARGUMENT

SORNA defines a "sex offender" as an individual convicted of a "sex offense." It then defines a "sex offense" as one that has as an element a sexual act or sexual contact. Those who are convicted of a sex offense must register under SORNA before completing their sentence. And the federal supervised release statute mandates a court to order those who are required to register that they do so as a condition of that release.

Here, however, Mr. Icker was not convicted of an offense that had as an element a sexual act or sexual contact. Rather, he pleaded guilty to a civil rights offense. Thus, the district court erred in requiring him to register under SORNA as a condition of his supervised release.

# ARGUMENT

**1.  Because Mr. Icker was not convicted of a "sex offense," he need not register under SORNA as a sex offender.**

SORNA requires sex offenders to register before they complete their sentences. *See* 34 U.S.C. § 20913(a-b). It defines a "sex offender" as someone who committed a sex offense. *See* 34 U.S.C. § 20911(1). And a "sex offense" is defined as:

> [T]he term "sex offense" means—
>
> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;
>
> (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

34 U.S.C. § 20911(5)(A). As this Court has emphasized, the starting point in construing SORNA is the plain and ordinary meaning of the words within the statute. *See United States v. Brown*, 740 F.3d 145, 149 (3d Cir. 2014).

Mr. Icker did not plead guilty to an offense against a minor, a specified military offense, or one involving any of the chapters noted in subsection (iii). So the only question is whether the offense he pleaded guilty to had as an element a "sexual act" or "sexual conduct." 34 U.S.C. § 20911(5)(A)(i).

Consistent with the statutory language, the analysis is a categorical one. *Cf. Taylor v. United States*, 495 U.S. 575, 601 (1990); *accord United States v. Berry*, 814 F.3d 192, 195 (4th Cir. 2016) (employing a categorical approach to determine SORNA tier classification of defendant).[1] In other words, this Court looks solely to the elements of the offense of conviction. The elements for depriving someone of their civil rights are that

> (1) The defendant acted under the color of law;
>
> (2) that in so doing, the defendant deprived or caused to be deprived the [victim] of her right not to be deprived of bodily integrity without due process of law;
>
> (3) and that the defendant acted willfully.

*United States v. Figueroa*, 729 F.3d 267, 277 (3d Cir. 2013); SAND, ET AL., MODERN FEDERAL JURY INSTRUCTIONS – CRIMINAL ch. 17-2 (Nov. 2019).

---

[1] *But cf. United States v. Dodge*, 597 F.3d 1347, 1354-55 (11th Cir. 2010) (holding that a court may look beyond the elements in determining whether the conviction was for a specified offense against a minor).

Here, the elements of a civil rights offense do not include a sexual act of sexual contact. As a result, Mr. Icker was not convicted of a sex offense and should not have been ordered to register under SORNA.

**2. The district court's imposition of a SORNA registration requirement as part of Mr. Icker's supervised release constituted plain error**

Under Criminal Rule 52(b), the Supreme Court has described a four-part inquiry for plain-error review. There must: (1) be an "error" that (2) is "plain" and (3) "affects substantial rights." *United States v. Williams*, 974 F.3d 320, 340 (3d Cir. 2020) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). In Mr. Icker's case, the imposition of the SORNA registration requirement as a condition of supervised release was an obvious error since the elements of the civil rights conviction did not meet the statutory definition of a "sex offense."

And SORNA's requirements affect substantial rights by imposing significant burdens. *See generally United States v. Leach*, 639 F.3d 769, 773 (7th Cir. 2011) (recognizing the burden on sex offenders under SORNA), *abrogated on other grounds by Nichols v. United States*, 136 S. Ct. 1113 (2016). For instance, under Pennsylvania's sex offender registration statute, Mr. Icker must appear and register in person at a Pennsylvania State Police facility at least every quarter. *See* 42 Pa. C.S. § 9799.15(e)(3). The statute also imposes an obligation to register various information within three days after changes to one's name or alias, a residence or the lack of one, employer, location of employment or

11

termination of employment, enrollment or termination of enrollment as a student, and one's telephone or cellular number. *See* 42 Pa. C.S. § 9795.15(g)(1-5). These requirements also apply when a registrant buys or sells a car or a boat. And they require notification of changes involving temporary lodging, an email address, any form of internet communications, or an occupational license. *See* 42 Pa. C.S. § 9795.15(g) (6-9). And for Tier III offenders, that responsibility continues for life. *See* 42 Pa. C.S. § 9799.15(a)(3).

These requirements make it difficult to both live and work. *See* J.J. Prescott, *Portmanteau Ascendant: Post-Release Regulations and Sex Offender Recidivism*, 48 Conn. L. Rev. 1035, 1055-56 (2016) (noting that sex offenders have trouble finding employment and trouble securing housing). In sum, the registration requirement affects Mr. Icker's substantial rights.

## CONCLUSION

For these reasons, the Appellant, Mark Eric Icker, requests that this Honorable Court vacate the condition of supervised release that requires him to register under SORNA.

Respectfully submitted,

HEIDI R. FREESE, ESQ.
Federal Public Defender

*/s/ Frederick W. Ulrich*
FREDERICK W. ULRICH, ESQ.
Asst. Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney

100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
*Attorneys for Appellant,
　Mark Eric Icker*

Date:  November 2, 2020

# CERTIFICATION OF BAR MEMBERSHIP
# IDENTICAL TEXT, VIRUS CHECK, AND WORD COUNT

I, Frederick W. Ulrich, Esquire, of the Federal Public Defender's Office, certify that

1) I am a member in good standing of the bar of this Court;

2) The text of the electronic format of the Brief of Appellant is identical to the hard copy format;

3) A virus check was performed on the Brief of Appellant, using Symantec Endpoint Protection, last update November 2, 2020, and no virus was detected;

4) This Brief of Appellant contains fewer than 13,000 words

I make this combined certification under penalty of perjury under 28 U.S.C. § 1746.

*/s/ Frederick W. Ulrich*
FREDERICK W. ULRICH, ESQ.
Asst. Federal Public Defender

Date: November 2, 2020

## CERTIFICATE OF SERVICE

I, Frederick W. Ulrich, Esquire, of the Federal Public Defender's Office, certify that I served on this date a copy of the attached Brief of Appellant by Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

MICHELLE L. OLSHEFSKI, ESQUIRE
United States Attorney's Office
*michelle.olshefski@usdoj.gov*

           */s/ Frederick W. Ulrich*
           FREDERICK W. ULRICH, ESQ.
           Asst. Federal Public Defender

Date: November 2, 2020